## T. H. ATCHISON *v.* W. L. MURFREE and others.

### April Term, 1878.

MASTER'S SALE — OPENING BIDDINGS AFTER A RESALE. — After the biddings on property at a master's sale have once been opened and a resale made, the biddings can again be opened only under extraordinary circumstances, upon petition to the court, stating the circumstances, by the party seeking to advance the bid, and tendering money and notes in accordance with the terms of the sale for the advanced bid, or a bond with good security, in a sufficient penalty, to comply with such order as the court may make on the subject; an application which falls short of these requirements will not be entertained.

*George Maney*, for petitioners.
*Wilkin*, for purchasers.
*Fogg*, for heirs.

THE CHANCELLOR :— Under decrees rendered in this cause, for the sale of property assigned in trust to secure creditors, two lots in Nashville were sold, on March 30, 1878, one lot on the corner of Broad and McLemore Streets, and the other on the corner of Broad and High Streets. Early in the present term, the bids on these lots were advanced ten

per cent, and the biddings opened for a definite period, and re-advertised, in accordance with law and the practice of the court. On May 4th, the biddings were closed, and the master reported the sales as made to the last, highest, and best bidders respectively. The case is now before me, upon the petition of William B. Maney, executor of the will of Rebecca A. Maney, George Maney, and J. D. Maney, for themselves and other heirs of the deceased, to again open the biddings upon an advance of the bids. The final bid on the lot on the corner of Broad and McLemore Streets is $901, and on the other lot $2,660. The proposed advance on the first of these lots is to $1,100, and of the other, by one party to $2,800 cash, and by another party to $3,000 on the terms of the original sale. The proposed bidders are, however, no parties to the petition; nor is the petition marked as filed, or security given for the costs.

The rule settled by our Supreme Court is, that an advance of ten per cent will be sufficient to open the biddings at a master's sale, the property to be put to sale at the advanced bid, with open competition to all other bidders, but when the resale is made, " the biddings will not again be opened except under extraordinary circumstances." *Click* v. *Burris*, 6 Heisk. 539. This is a plain intimation that the biddings, after a resale, ought not to be opened upon a mere advance of the bid, unless, indeed, the advance should be so great as in itself to constitute an extraordinary circumstance within the rule. The policy of opening biddings at all upon a mere advance is, as we all know, one of grave doubt, the weight of authority being, perhaps, in the negative, and it would be ruinous to chancery sales if it were understood that a resale amounted to no more than the original sale. Accordingly, although I have reopened the biddings in one or two instances, yet it has always been " under extraordinary circumstances." An advance alone has never been held sufficient, and certainly not the per cent of advance tendered by this petition.

The purchaser of property under a master's sale becomes ·a party, or *quasi*-party, to the suit, and, of course, subject ·to the orders of the court.   He can become a party only by bidding for the property in conformity with the orders and decrees of the court.   As long as the master is authorized to receive bids, and this is, ordinarily, when the property is ·offered by him for sale in conformity with the orders of the court, or is subject to an advance bid, the purchaser need only make the necessary tender to the clerk.   After the power of the clerk ceases, as it does upon the report of a resale, a person can only become a purchaser by making his tender to the court.   And there is no way of doing this except by petition stating the "extraordinary circum-·stances" upon which he relies for being permitted to bid, proposing to advance the bid, and tendering the money and notes for the bid as advanced, in accordance with the terms ·of the sale, or a bond with good security in a sufficient pen-alty to comply with the order of the court.   The sufficiency of the security must be passed upon by the clerk, either in advance, or, at any rate, before the proposition is accepted. These requirements are not mere forms, but essential to the validity of the offer, and to prevent experiments with the court.   "In all cases," says the Supreme Court, "we have held that there should be an advanced bid secured so as to ·ensure a sale certainly, at a better price than the land had brought at the former sale."   *Childress* v. *Harrison*, 1 Baxt. 415.   And, accordingly, I have invariably declined ·to listen to any propositions or applications interfering with ·actual sales by which purchasers are bound, unless presented ·in such a form "as to ensure a sale certainly, at a better price."   The only test this court can have of the value of property to be sold *in invitum* is the price brought at pub-lic vendue, or actually offered in advance.

The supposed bidders in this case have not come before ·the court in the mode required.   No one of them has joined in the petition presented, nor filed a petition for himself.   The

-court, if inclined to listen to the application, might bind itself without binding them. The petition shows nothing except an unsigned memorandum, coupled with an oral condition as to one of the supposed advance bidders, and the notes without security of another. It is accompanied by the notes with security, approved by the master, of the proposed bidder on one of the lots, but discloses the fact that this bidder was present when the biddings were opened at the resale, and had the opportunity of bidding the amount now offered. The reason assigned by the petition for his failure to bid is one which he alone could satisfactorily establish, namely, the influence temporarily exerted upon his mind by an appeal from a competing bidder not to bid against him.

The excuse for not bidding as to one lot being insufficient, and there being no bidders for the other lot before the court, and no "extraordinary circumstances" in either case, the application must be disallowed, and the sales confirmed.